**Dated: October 5, 2017**

_____
      **Hon. William V. Altenberger**
      **United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRIAN J. KELLY, | ) | Case No. 02-18037 |
|     Debtor. | ) | |

### O P I N I O N

The matter before this Court is the Chapter 7 Trustee's motion to sell by private sale real estate of the Debtor free and clear of all liens, claims, encumbrances, and interests, and the combined objection to the motion filed by Brian Kelly (Debtor) and his father, Paul L. Kelly (Paul), and the U.S. Trustee's limited objection to the motion. The real estate is a farm and the only asset of the bankruptcy estate. There were three prior Bankruptcy Judges to have heard matters in this bankruptcy case, two of them have retired and the third filed a recusal. The District Court has heard two appeals and the Seventh Circuit Court of Appeals has heard one appeal. The following is a brief summary of the extensive and sometimes extremely contentious litigation that has occurred in this case prior to this motion and objections.

On December 12, 2002, not quite 15 years ago, an involuntary petition in Chapter 7 was filed against the Debtor. The Debtor filed a motion to dismiss, challenging, among other things, the creditor status of the petitioning creditors. The motion was denied and the Debtor was ordered to file a substantive answer. No answer was filed and an order for relief was entered.

The Debtor then filed a motion to convert to a Chapter 13 case, which was allowed. The Chapter 13 was dismissed for failure to file schedules and a plan and subsequently the dismissal was vacated and the case reconverted to one under Chapter 7.  In the Chapter 7 case, relief from stay was granted to a petitioning creditor to pursue pending state court fraudulent transfer litigation and the Chapter 7 case was again dismissed.

 The Debtor  appealed and the petitioning creditor cross appealed. The District Court reversed and remanded on the issue of dismissal and reinstated the automatic stay. The Chapter 7 Trustee filed a motion for relief from the automatic stay to allow the state court fraudulent transfer litigation involving the real estate to go forward, which motion was granted.

There then ensued a series of filings to replace the attorney for the Trustee, sanctions against the Debtor, motion to remove the Bankruptcy Judge, motion to auction real estate, for settlement, followed by a second appeal to the District Court, which was dismissed on procedural grounds. The District Court's order setting forth the issues and its opinion can be found at Docket Entry #283. The Debtor appealed to the Seventh Circuit Court of Appeals, which on March 3, 2015, dismissed the appeal on procedural grounds. Docket Entry #347. To date, no schedules have been filed.

In September of 2009, while this extensive litigation was transpiring in the federal courts, the Circuit Court of the State of Wisconsin, Eau Claire County, entered judgment in the fraudulent transfer case in favor of the plaintiff and against the Debtor and other defendants.

Some fourteen plus years after the initial filing and after the extensive and heated litigation in the federal and state courts, the matter is now before this Court on the Trustee's motion to sell the real estate and the objections to the motion. The Trustee seeks to sell the real estate by private sale to the Jerry Johnson Revocable Trust for $44,000, with the sale vesting good title in the real estate, free and clear of all liens, claims, encumbrances and interests, except for real estate taxes. The Trustee's motion, among other requests, includes requests for findings that the sale is a legal, valid and effective transfer of the real estate, the real estate is owned solely by the Debtor and there are no other persons or entities having any rights or interests in the real estate, and that the buyer is purchasing in good faith and in accordance with § 363(m) of the Bankruptcy Code. 11 U.S.C. § 363(m).

The Debtor and Paul filed a combined objection to a § 363(f) sale, raising two objections. First, that the events leading up to the involuntary petition, the involuntary petition itself and the subsequent involuntary proceeding were all tainted with fraud. Second, that Paul purchased the real estate and caused title to be placed in the Debtor's name, while Paul occupied it as his residence and operated the farm, and that as Paul has an interest in the real estate, the sale must comply with § 363(f), which it fails to do.

The Trustee's motion to sell and the combined objection of the Debtor and Paul, along with the U.S. Trustee's limited objection, continue the pattern of contentious litigation involving, for the lack of a better term, unusual positions and theories.

The first basis of the combined objection is denied as the fraud as alleged by the combined objection has already been raised earlier in the bankruptcy proceeding and this Court cannot and will not revisit it. Both the District Court and the Seventh Circuit Court of Appeals referenced the fraud allegations in their opinions and when and if there is a final and appealable

order entered, the District Court and the Seventh Circuit Court of Appeals can consider the allegation.

As to the second basis for the objection, Paul claims to be the title owner of the real estate based on a " right of adverse possession" either not founded on a written instrument or founded on a written instrument, pursuant to the Wisconsin state statutes. For the following reasons, this objection is also denied.

Section 363(b)(1) of the Bankruptcy Code provides

> "The trustee . . . may sell . . . other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

Section 363(f) of the Bankruptcy Code provides

> The trustee may sell property under subsection (b) . . . of this section free and clear of any interest in such property of an entity other than the estate, only if-
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

Taken together, these two provisions authorize the Trustee to sell property of the estate, provided that if an entity other than the estate has an interest in the property being sold, there must be compliance with § 363(f).

However, Paul cannot rely on § 363(f) as that section requires both the bankruptcy estate and Paul to have an interest in the real estate, while the issue raised by Paul is whether he or the Debtor owns the real estate. As to that issue, Paul has alleged that he placed title to the real estate in the Debtor's name. Doc. #336, ¶ 38. In the state court fraudulent transfer case, the state court

ordered the real estate returned to the Debtor. Doc # 350, Exhibit 2. Therefore the Debtor has title to the real estate.

Paul does not. In his brief, he asserts he is title owner to the real estate. Doc. #352. But that assertion is contrary to his own pleading and the finding of the Wisconsin state court. He also relies on the Wisconsin statues to claim title by adverse possession, founded on either a written instrument or not founded on a written instrument. But neither his objection or his brief references a written instrument. However, the U.S. Trustee's limited objection does reference a quit claim deed from the Debtor to Paul dated November 18, 2010, and recorded July 14, 2011, some eight years after the Chapter involuntary petition was filed and while the Chapter 7 case was pending. But this quit claim deed does not meet the requirements of the Wisconsin state statute as the statute requires the person claiming title by adverse possession pursuant to a written instrument to have originally entered into possession founded on a written instrument, and Paul took possession in 1990, some twenty years before the quit claim deed. *See* Wis. Stat. § 893.26(2)(a); *Valley Beau Farms, Inc. v. Schick*, 2014 WI App 16, 352 Wis. 2d 574.

Neither do the combined objection and Debtor's and Paul's brief set forth any facts that would lead to the conclusion that Paul has title by adverse possession by either a written instrument or not founded on a written instrument. Title by adverse possession is based on hostility. *Steuck Living Trust v. Easley*, 2010 WI App 74, 325 Wis.2d 455.  However there is no hostility or dispute between the Debtor and Paul. Paul voluntarily placed title in the Debtor's name and while Paul may have lived on and farmed the real estate, he does not allege or set forth any facts to show he intended to claim title from the Debtor.

As previously set forth, the Trustee wants to sell the real estate " free and clear of any and all liens, claims, encumbrances, and interests," with certain exceptions. The Trustee alleges

that he "believes the premises are not subject to any valid encumbrances, mortgages or liens," with the exception of real estate taxes. The Trustee also wants findings that:

> " the proposed buyer is a good faith buyer;"
>
> "the sale is a legal, valid, and effective transfer of the real estate;"
>
> "the real estate is owned solely by the Debtor and there are no other persons or entities having any rights or interests in the real estate;"
>
> "the proposed buyer shall not be a successor to the Trustee and should not have any successor liability as a right of its purchase of the real estate;" and
>
> "the proposed buyer is purchasing in good faith and in accordance with Section 363(m) of the Bankruptcy Code."

The U.S. Trustee's limited objection to the motion to sell first asserts that Paul and Patricia J. Kelly may have an interest in the real estate and "there may be other liens or interests in the Real Estate that would be shown on a title commitment for the Real Estate which, "[b]ased upon all facts and circumstances of this case, as is reflected by the length and complexity of the docket," would take years to resolve at an expense greater than the sale proceeds. Therefore the real estate "should be sold subject to all existing liens and interests, including the liens and interests of the Kellys."

The Trustee counters that the state court fraudulent transfer action decided in 2009 eliminated any interests of the Kellys and the letter report issued by Vinopal Title and Abstract, LLC, supports his position there are no liens, claims and encumbrances except for real estate taxes.

For the following reasons, the relief requested by the Trustee cannot be granted. At a preliminary hearing on the Trustee's motion, the Trustee suggested that the motion be decided on briefs–a procedure akin to a motion for summary judgment. The Debtor, Paul and the U.S. Trustee agreed. So the motion was taken under advisement without an evidentiary hearing, to be

6

decided on the pleadings and the briefs. However, after considering the pleadings and the briefs this Court comes to the conclusion that there are questions of fact that could only be determined after an evidentiary hearing

The state court judgment and the letter report relied on by the Trustee do not clarify whether there are any liens, claims or encumbrances attached to the real estate. The state court judgment ordered a return of the real estate to Debtor and declared any mortgages, liens, or any cloud on title entered on April 18, 2002 (the date of the fraudulent transfer) and into the future by any defendant or entity acting on any defendant's behalf are null and void and declared invalid ab initio. Paul was not a defendant in the state court action. Furthermore, the state court action did not adjudicate the status of title based on events falling outside the scope of the state court fraudulent transfer action.

Nor is the void left by the state court judgment filled by the letter report. It is a limited report. It shows the Debtor as not being the grantee by the "current deed" but "RED CEDAR ESCROW TRUST, Grantee" by the "current deed." The letter report goes on to make the "current deed" subject to numerous mortgages, and the judgment entered in the state court fraudulent transfer action. The letter report also contains a standard disclaimer that it does not represent an "opinion of title," that a chain of title search was limited, that matters affecting title may exist but not disclosed by the limited search and "[a] title insurance policy or an abstract certified from government entry to date and an attorney's opinion should be obtained to determine legal or merchantable title."

In addition, the Trustee has requested findings which are factually based. For example, the Trustee has requested a finding that the purchaser is purchasing in good faith. Good faith is a

fact issue which cannot be decided solely by the pleadings, the briefs, the state court judgment and the letter report.

The U.S. Trustee's limited objection contains a mixture of affirmative factual allegations based on "information and belief" and allegations that the Kellys or others "may" have an interest in or a lien on the real estate. But to have a sustainable objection, the allegations which the U.S. Trustee relies on must move beyond the "information and belief" or conjecture status. They must be proven.

Furthermore, the pleadings and the briefs present an odd scenario where the U.S. Trustee alleges the Kellys may have an interest in the real estate, but the combined objection filed by the Debtor and Paul and their briefs fail to allege any such interest. An evidentiary hearing would be required to resolve this oddity.

Nor is this Court willing to make some of the findings requested by the Trustee. A typical trustee's sale involves a sale of whatever interest a debtor has in an asset. A trustee makes no warranties or assurances of good title associated with a sale. A bankruptcy court approves a sale if there is compliance with the Bankruptcy Code. It does not concern itself with the status of title. A potential purchaser knows the limitations associated with the sale and has to decide whether to go forward on that basis.

In the case before this Court, the findings requested by the Trustee are not related to, or necessary, for a determination that the Trustee's proposed sale complies with the provisions of the Bankruptcy Code. The Trustee's motion not only seeks authority to sell the real estate , it requests findings that go to the status of title. The requested findings are more akin to an action to clear title, which is the purview of the Wisconsin state courts.

For this Court to determine if there are any liens, claims, or encumbrances attached to the Debtor's interest in the real estate, an evidentiary hearing would be required. However, ordering such a hearing is contrary to the Seventh Circuit Court of Appeals' admonishment that this case has consumed far more resources than it should have and that the bankruptcy court should resolve it expeditiously. This admonishment, when taken with what is required by the Bankruptcy Code for the Trustee to sell the Debtor's interest in the real estate and the extensive hearings that would be required to determine if there are liens, claims or encumbrances, and to make the findings requested by the Trustee, lead this Court to conclude that the Trustee should be authorized to sell the real estate to the proposed purchaser pursuant to a trustee's deed, subject to all liens, claims, and encumbrances and without the requested findings. The proposed purchaser can decide if the conveyance is sufficient to give it the title it needs. If not, the proposed purchaser can decide whether it wants to go forward with the purchase and resort to a state court action to clear title, or to forgo the purchase.

As this Court is agreeing with the U.S. Trustee that the sale of the real estate should be subject to liens, claims, encumbrances and interests, there is no need to address the remaining objections in the U.S. Trustee's limited objection.

See order entered this day.

###